# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

**RODNEY EUGENE FARMER,**             )
                                      )
              Plaintiff,   )
                                      )
v.                                    )   **No. CIV 13-221-FHS-SPS**
                                      )
**CHARLES PEARSON, et al.,**          )
                                      )
              Defendants.  )

## OPINION AND ORDER

Plaintiff, a pretrial detainee who is incarcerated at the Muskogee County Jail in Muskogee, Oklahoma, has filed this civil rights action pursuant to 42 U.S.C. § 1983, requesting post-conviction relief regarding pending charges arising from his alleged failure to give notification of his address change as a sex offender. He claims he was at his girlfriend's residence on December 25-26, 2012, and he could not re-register at Christmas. The defendants are Muskogee County Sheriff Charles Pearson, Delaware County Judge Alicia Littlefield, and the Tulsa County Sheriff. He is requesting relief in the form of post-conviction relief from his current charges, and he apparently want monetary relief for related expenses he incurred in Muskogee, Tulsa, and Delaware Counties.

Plaintiff's rambling complaint asserts deputies frightened his girlfriend by threatening to jail her for harboring a fugitive, and the girlfriend lied about plaintiff's staying at her house in November. He makes no allegations against Defendant Muskogee County Sheriff Pearson.

Plaintiff also complains that in 1997, Defendant Judge Littlefield imposed an illegal sentence for his conviction for Spousal Rape, Rape by Instrumentation, and Lewd Acts with a Child Under the Age of Sixteen. Then, in 2006 Judge Littlefield allowed an illegal revocation, and plaintiff wrongfully was placed under the supervision of the Oklahoma Department of Corrections because of this judge.

Plaintiff further alleges the Tulsa County Sheriff pursued a case that was not filed

until plaintiff's discharge date.  Plaintiff claims he had saved $1,500 in his prison account to use upon his release, but he had to use it instead for bond money and attorney fees.

Although the defendants have not been served in this action, the court is empowered to dismiss the complaint at this stage of litigation under 28 U.S.C. § 1915A:

> (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for dismissal.--On review, the court shall identity cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>>
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

After careful review, it is clear this case has no merit.  First, plaintiff has made no allegations that Defendant Sheriff Pearson personally participated in any of the alleged acts, "an essential allegation in a § 1983 claim," *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976), and supervisory status is not sufficient to support liability, *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996).  Next, based on the allegations in the complaint, Defendant Judge Littlefield enjoys absolute immunity from damages liability for acts performed in her judicial capacities." *Supreme Court of Virginia v. Consumers Union*, 446 U.S. 719, 734-35 (1980).  Finally, with regard to Defendant Tulsa County Sheriff, plaintiff has presented no facts or authority to support a claim regarding his prison savings account.

To the extent plaintiff is seeking monetary damages, he first must prove his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (citing 28 U.S.C. § 2254).  Plaintiff has not made this showing.

Furthermore, plaintiff's request for post-conviction relief cannot be address in this civil rights complaint and must be presented in a proper petition for a writ of habeas corpus.

**ACCORDINGLY,** this action is, in all respects, DISMISSED pursuant to 28 U.S.C. § 1915A(b) as frivolous and for failure to state a claim upon which relief may be granted. Furthermore, this dismissal shall be entered as a "STRIKE," pursuant to 28 U.S.C. § 1915(g).

IT IS SO ORDERED this 13th day of June, 2013.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma